**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

| | |
|---|---|
| PARADISE CAY APTS, LLC )<br>)<br> Plaintiff, )<br>v. )<br>)<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, )<br>)<br> Defendant. )<br>) | Case No.: 6:22-cv-2062 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT**

 Defendant, Zurich American Insurance Company ("Zurich"), by and through its undersigned counsel, hereby opposes Plaintiff's Amended Motion for Leave to Amend Complaint (Doc. 17) because all three counts of the proposed Amended Complaint (Doc. 17-1) would be subject to dismissal, rendering it futile. In support, Zurich states:

**Introduction**

 This case arises out of a property insurance contract between Plaintiff and Empire Indemnity Insurance Company ("Empire"), under which Plaintiff alleges it is entitled to payment for loss that allegedly occurred on September 10, 2017. Doc. 1-1; Doc. 17-1. A plain reading of the subject contract establishes conclusively that Zurich is not a party to it and has no obligations under it, as Zurich has consistently maintained. Doc. 5, Ex. A. While Plaintiff may have had a cause of action against Empire originally, it no longer does because the statute of limitations expired on September 10, 2022, and Plaintiff did

not comply. Therefore, Count I of Plaintiff's proposed amended complaint is statutorily time-barred.

Count II of Plaintiff's proposed amended complaint is against Zurich, and it is a carbon copy of Count I of the proposed amended complaint as well as the initial Complaint. Count II of the proposed amended complaint fails to state a claim for the reasons outlined above and in Zurich's Motion to Dismiss (Doc. 5): Zurich did not issue the policy and has no obligations under it.

Count III of the proposed amended complaint fails for the basic reason that "vicarious liability" sounds in tort, not contract. Plaintiff fails to allege a tortious act or otherwise set forth ultimate facts that might establish that "Zurich is vicariously liable for Empire's breach." Doc. 17-1, ¶¶ 30, 33. Accordingly, Count III states no claim.

Counts I, II, and III would each be subject to dismissal for failure to state a claim, rendering the amendment futile in its entirety. Therefore, Zurich requests that the Court deny Plaintiff's Amended Motion for Leave to Amend Complaint on the basis of futility.

**Statement of Facts**

1.  On September 8, 2022, Plaintiff commenced this action against Zurich for breach of a property insurance contract, "specifically, policy number 9466437." Doc. 1-1 ¶ 5. The plain language of that policy establishes that it was issued by Empire and that Zurich has no obligations under it. Doc. 5, Ex. A.

2.  On September 10, 2022, the five-year statute of limitations expired. *See* § 95.11(2)(e), Fla. Stat. (five-year limitation applies to "an action for breach of a property

insurance contract, with the period running from the date of loss"); *see also* Doc. 1-1, ¶ 8 (alleging a September 10, 2017, date of loss); Doc. 17-1, ¶ 23 (same).

3. Plaintiff did not commence an action against Empire during the five-year limitations period or since its expiration months ago.

4. Plaintiff contends that when it sent a Notice of Intent to Initiate Litigation to Zurich "identifying the subject policy and claim number," Empire responded, not Zurich. Doc. 17, p. 5-6. Zurich does not dispute this.

## Argument and Memorandum of Law

Plaintiff's Amended Motion for Leave to Amend is a transparent attempt to avoid the statute of limitations by asking this Court to adopt its misstatement of the relation-back rules, and short of that, to in effect rewrite Plaintiff's policy so that it supports a claim against Zurich instead, which is also improper. Plaintiff's Amended Motion should be rejected out of hand.

**I.      Denial of leave to amend is justified by futility.**

Ordinarily, "[i]f the underlying facts and circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given," Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *Foman*, 371 U.S. at 182. Courts have "found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 Fed.3d 1310, 1320 (11th Cir. 1999); *cf., e.g., Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004) (affirming

3

district court's denial of leave "because the three new claims asserted, like those in her first amended complaint, would have been subject to dismissal as a matter of law."). In *Hall,* Odessa Dee Hall ("Hall") was the beneficiary under a United Insurance Company of America ("United") life insurance policy insuring the life of Bobby Patterson ("Bobby"). *Hall*, 367 F.3d at 1257-58. Hall's first two new claims were predicated on the existence of a valid contract between United and Bobby, *Id.* at 163, but the district court had already properly granted summary judgment to United on this issue, rendering the new claims futile. *Id.* The third new claim proffered by Hall involved fraud allegedly committed against Bobby by United and his former employer, *Id.*, but the fraud claims do not survive Bobby's death, rendering that new claim futile too. *Id*.

Similarly, Plaintiff's proposed amended complaint seeks to raise claims that are all futile. In Count I of the proposed amended complaint, Plaintiff proffers a claim for breach of contract against Empire, which is barred by the statute of limitations. This, coupled with the undisputed fact that there is no contract between Plaintiff and Zurich, renders Counts II and III futile as well. Because all Counts of the proposed Amended Complaint would be subject to dismissal, leave to amend should be denied.

**II.      Count I is statutorily time-barred and the relation-back rules do not apply.**

As a preliminary matter, Zurich notes that Count I is directed to Empire, not Zurich. However, the legal sufficiency of Count I impacts Count III, where Plaintiff alleges "Zurich is vicariously liable for Empire's breach." Doc. 17, ¶ 33. Count III also expressly incorporates Count I in its entirety. *Id.*, ¶¶ 1-16, 30, 33. Because Count III is

4

dependent on all of the allegations of Count I, Count III cannot survive Count I. It is therefore appropriate for Zurich to challenge the legal sufficiency of Count I here.

It is undisputed that the applicable statute of limitations expired on September 10, 2022, five years after the alleged date of loss. § 95.11(2)(e), Fla. Stat.; Docs. 1-1, 17-1. Count I of the proposed amended complaint cannot proceed because Plaintiff failed to comply with the statute of limitations. To avoid the preclusive effect of the statute, Plaintiff is seeking refuge in the relation-back rules, arguing that an amendment would relate back to the date it filed the initial Complaint due to an "identity of interest" between Zurich and Empire. Plaintiff, however, is misstating the law. Zurich briefed this issue in its Reply to Plaintiff's Response in Opposition to its Motion to Dismiss. Doc. 18. Zurich incorporates that argument here and expounds on it below.

At bottom, Plaintiff is overlooking, presumably inadvertently, that the relation-back rules require a new party to not only share an "identity of interest" with the original party but *also* have "had knowledge of the lawsuit before the statute of limitations expired." *Rayner v. Aircraft Spruce-Advantage Inc.*, 38 So.3d 817, 820 (Fla. 5th DCA 2010). An "identity of interest" may *ripen* the analysis, but it is not the entirety of the analysis. That, in a nutshell, is Plaintiff's error.

That being said, the entirety of the analysis was plainly laid out in the cases Plaintiff cited in its Amended Motion, *e.g., Schwartz v. Wilt Chamberlain's,* 725 So.2d 451 (Fla. 4th DCA 1999), yet Plaintiff still neglected to address it. *See* Doc. 17, p. 4-5. Plaintiff analyzed the "*Schwartz* factors," argued they establish an "identity of interest,"

then concluded the amendment relates back. *Id*. Plaintiff's analysis, however, is incomplete as *Schwartz* continues:

> **Furthermore, no prejudice** to [the new parties] has been demonstrated by their addition as defendants. As we stated in *Kozich,* the relation-back doctrine applies where:
>
>> **[T]he newly added party had early knowledge of the litigation** ... **prior to the running of the Statute**, and knew or should have known that the plaintiff had made a mistake or was guilty of a misnomer as concerns the correct identity of the defendant so that the added party was deemed to have suffered no prejudice by being tardily brought in or substituted as a party.

*Schwartz* at 453 (Fla. 4th DCA 1999) (emphasis added); *see also Kozich v. Shahady*, 702 So.2d 1289, 1291 (Fla. 4th DCA 1997) ("The addition of a party … **does** relate back where the new and former parties have an identity of interest **which does not prejudice the opponent**.") (emphasis added).

Thus, Plaintiff's amendment would *not* relate back even if Plaintiff established the "identity of interest" it is alleging, which Zurich denies, because Plaintiff would have failed to establish that Empire had knowledge of the lawsuit before the statute of limitations expired, which Plaintiff has not even *alleged*.

The analysis and outcome are no different in the Fifth Appellate District, where Plaintiff commenced this action. In general, an amended complaint "does not relate back to the original filing date where it has the effect of adding a new party to the cause of action." *Patel v. Sch. Bd. of Volusia Cnty*., 813 So. 2d 135, 136 (Fla. 5th DCA 2002) (citing *West Volusia Hospital Authority v. Jones,* 668 So.2d 635 (Fla. 5th DCA 1996).

Like *Schwartz* and *Kozich, supra.*, the Fifth District permits an exception to the general rule "**only if** the new party is sufficiently related to the original party **so that no prejudice to the new party will occur**." *Patel* at 136 (emphasis added) (citing *Darden v. Beverly Health and Rehabilitation,* 763 So.2d 542 (Fla. 5th DCA 2000)). "**[L]ack of prejudice, in this context, requires a showing that the new party had knowledge of the lawsuit prior to the expiration of the statute of limitations**." *Rayner v. Aircraft Spruce-Advantage Inc.*, 38 So.3d 817, 820 (Fla. 5th DCA 2010) (emphasis added). "The exception of allowing the late addition of a party having a sufficient identity of interest to a party timely sued applies where: [t]he newly added party **had early knowledge of the litigation … prior to the running of the Statute**." *Id.* (emphasis added) (internal quotations omitted); *see also Schwartz* and *Kozich* (same).

Admittedly, Plaintiff does mention a knowledge requirement in its motion, but it patently misconstrues and misapplies it. *See* Doc. 17, p. 3-4 ("In accordance with this holding [*Krupiski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), applying Federal Rule 15(c)(1)(C)], **Zurich** knew or should have known that an action in this case **may be brought** against it, as it is so related to Empire that both entities should be considered to have a shared identity of interest and therefore an amended complaint **against Zurich** would relate back to the initial filing date.") (emphasis added). This is inaccurate and misleading in at least three significant ways.

*First*, federal courts apply state law relation-back rules to amendments in diversity cases where state law provides the applicable statute of limitations, as it does here. *Saxton v. ACF Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) (overruling *Wilson v. Navistar*

7

*Int'l Transp. Corp.*, 193 F.3d 1212 (11th Cir. 1999)). As such, the applicable relation-back rules derive from Florida state law, not Federal Rule 15(c), which *Krupiski* applied.

*Second*, even under *Krupiski*, Plaintiff would be incorrect. *See* Doc. 17, p. 3-4 (quoting *Krupiski*: "Relation back under Rule 15(c)(1)(C) depends on **what the party to be added knew** or should have known…") (emphasis added). Plaintiff argues what *Zurich* "knew or should have known," glossing over the fact that Zurich is not "the party to be added" here. *Id*.

*Third*, the relevant inquiry is decidedly *not* whether the new party knew a lawsuit "might be brought." Doc. 17, p. 3-4. It is whether, once the lawsuit *is* brought (filed), the new party *knows* of it before the statute of limitations expires. *Rayner* at 820 (amending party must show "the new party had knowledge of the lawsuit prior to the expiration of the statute of limitations"); *see Schwartz* at 453 (same).

There is no evidence and no allegation that Empire (or Zurich for that matter) knew of the lawsuit before September 10, 2022. That stands to reason: it was filed two days earlier and not served on Zurich for nearly another 1.5 months, until October 21, 2022. Doc. 1, ¶ 2; Doc. 1-1. And, while *Zurich* discovered the lawsuit's filing on October 6, 2022 (Notice of Removal, Doc. 1, ¶ 2), the statute of limitations had already expired by then. Accordingly, even if Plaintiff had argued Zurich's knowledge of the lawsuit should be imputed to Empire, which it did not argue, Count I would still be time-barred.

Moreover, the Notice of Intent to Initiate Litigation from Plaintiff and associated response discussed by Plaintiff is immaterial to the prejudice aspect of the relation-back doctrine. Doc. 17, p. 5-6. "It is knowledge of **the litigation itself** which puts a person on

notice of the need to defend against **the lawsuit**." *Rayner* at 820 (Fla. 5th DCA 2010) (emphasis added); *Patel* at 136 (Fla. 5th DCA 2002) ("A claim is not necessarily a lawsuit … [and it] does not follow that a lawsuit will always be filed [following a notice of a claim]."). The "litigation itself" did not exist before September 8, 2022. Doc. 1-1. The statute of limitations expired two days later. Again, there is no evidence and no allegation that Empire knew of the lawsuit during that two-day period. Therefore, the proposed amendment cannot relate back as a matter of law, rendering any inquiry into an alleged "identity of interest" moot.

### III.   Count II would be defeated by the subject policy, rendering it futile.

In Count II, Plaintiff alleges that Zurich breached an insurance policy it identifies as "specifically, policy number 9466437" and "incorporate[s] herein in its entirety." Doc. 17-1, ¶ 20. Despite Plaintiff's failure to attach a copy to the Amended Complaint, the Court may properly consider the policy because it is central to Count II and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) ("[A] document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed.") (citing *Harris v. Ivas Corp.*, 182 F.3d 799, 802 n. 2 (11th Cir. 1999)). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id*. at 1134. Therefore, the Court may consider the policy, previously filed as an attachment to Zurich's Motion to Dismiss (Doc. 5, Ex. A), when determining the legal sufficiency of the allegations of Count II. Its authenticity is undisputed, and it is

the contract Plaintiff alleges Zurich breached, making it central to Plaintiff's claim. Doc. 17-1, ¶¶ 20-22, 27.

By alleging the subject contract is a "policy of insurance," Doc. 17-1, ¶¶ 20-21, 27, Plaintiff concedes that it specifies the names of the parties to it. *See* § 627.413(1)(a), Fla. Stat. ("Every policy shall specify: (a) The names of the parties to the contract."). The policy plainly specifies that the parties are "Empire Indemnity Insurance Company" and "Paradise Cay Apartments, LLC." Doc. 5, Ex. A. Courts may not "rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties," as Count II asks this Court to do. *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 469 So. 2d 938, 942 (Fla. 1979); *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (same). "As acknowledged by both the federal district court and the Eleventh Circuit, Florida law provides that insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 34 (Fla. 2000); *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 537 (Fla. 2005) ("[T]he language of the policy is the most important factor [in contract interpretation].")

The plain language of the policy establishes that it was not issued by Zurich, that Zurich has no obligations under it, and that Plaintiff's general allegations of breach in Count II are false. Doc. 5, Ex. A. Because the plain language of the policy contradicts those general allegations, the policy controls, and the allegations do not. *See Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("[W]hen exhibits attached to a complaint 'contradict the general and conclusory allegations of the pleading, the

10

exhibits govern.'"). As a result, Count II would be subject to dismissal for failure to state a claim, rendering it futile.

### IV.    Count III does not state a claim upon which relief can be granted.

Count III attempts to state a claim for vicarious liability sounding in contract, but vicarious liability does not sound in contract. It sounds in tort. As the Florida Supreme Court explained, "the concept of vicarious liability can be described as follows":

> "A person whose liability is imputed based on the **tortious** acts of another is liable for the entire share of comparative responsibility assigned to the other." Restatement (Third) of Torts: Apportionment of Liability § 13 (2000). Vicarious liability is often justified on the policy grounds that it ensures that a financially responsible party will cover damages. *Id.* § 13 cmt. b. Thus, the vicariously liable party is liable for the entire share of the fault assigned to the active **tortfeasor**. *Id.* The vicariously liable party has not breached any duty to the plaintiff; its liability is based solely on the legal imputation of responsibility for another party's **tortious** acts. *Id.* § 13 cmt. c. The vicariously liable party is liable only for the amount of liability apportioned to the **tortfeasor**. *Id.* § 13 cmt. e. In sum, the doctrine of vicarious liability takes a party that is free of legal fault and visits upon that party the **negligence** of another. 38 Fla. Jur.2d *Negligence* § 101 (1998).

*Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 467–68 (Fla. 2005) (emphasis added).

As such, Zurich cannot be "vicariously liable for Empire's breach [of contract]." Doc. 17-1, ¶¶ 1-16, 30-33. It is not a claim upon which relief can be granted. Plaintiff does not allege any tortious act. *Id.* Plaintiff fails to set forth ultimate facts that establish any tortious act or any other basis for vicarious liability. *Id.* Therefore, Count III would be subject to dismissal for failure to state a claim, rendering it futile.

Even accepting Plaintiff's faulty legal premise, Count III would still fail to state a claim because it would be impermissibly cryptic, incoherent, and implausible. Count III

incorporates the entirety of Count I, wherein Plaintiff alleges it was *Empire* that issued the policy, received notice of the claim from Plaintiff, assigned the claim number, and was obligated to pay Plaintiff "pursuant to the terms of the policy of insurance," yet in Count III, Plaintiff does not allege Empire was acting as an agent for Zurich at any of those steps. Doc. 17-1, ¶¶ 7, 12-14, 30-33. In Count III, Plaintiff merely alleges, "Empire was acting as an agent of Zurich American Insurance Company when it breached the insurance contract." *Id.*, ¶ 33. This assertion, however, cannot logically be taken as true if Count I is taken as true, and if Count I is not taken as true, then there would be no "Empire's breach" from which the "vicarious liability" could theoretically flow. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain:…(2) a short and plain statement of the claim showing that the pleader is entitled to relief."). At best, Count III would be indecipherable and subject to dismissal on that basis. *Id.* But again, this is setting aside that "vicarious liability" is not a legal basis for the contractual relief Plaintiff is seeking in the first place.

## Conclusion

As shown, Counts I, II, and III are each subject to dismissal because they fail to state a claim upon which relief may be granted. This renders them futile, and this futility justifies denying leave to amend.

**WHEREFORE**, Defendant, Zurich American Insurance Company, respectfully requests that the Court deny Plaintiff's Amended Motion for Leave to Amend Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

        **/s/ David T. Burr**
        DAVID T. BURR, Fla. Bar No.: 0117022
        Galloway, Johnson, Tompkins, Burr & Smith, PLC
        400 N. Ashley Drive, Suite 1000
        Tampa, Florida 33602
        Tel:  813-977-1200
        Fax:  813-977-1288
        tampaservice@gallowaylawfirm.com
        dburr@gallowaylawfirm.com
        *Counsel for Defendant, Zurich American Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I emailed the foregoing document and the notice of electronic filing to Erick Trivedi, Esq., and Edward Franca, Esq., at etrivedi@morganlawgroup.net; efranca@morganlawgroup.net; and mlg.eservice@morganlawgroup.net.

        **/s/ David T. Burr**
        DAVID T. BURR, ESQ.